IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALVIN EMORY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 02-1466-SLR |
| | ) |
| ASTRAZENECA PHARMACEUTICALS LP, | ) |
| | ) |
| Defendant. | ) |

Barbara H. Stratton, Esquire of Knepper & Stratton, Wilmington, Delaware.  Attorney for Plaintiff.

Michael P. Kelly, Esquire of McCarter & English, Wilmington, Delaware.  Of Counsel: Edward S. Masurek, Esquire and S. Elizabeth Hamilton, Esquire of Moran, Lewis, & Bockius, Philadelphia, Pennsylvania.  Attorneys for Defendant.

**MEMORANDUM OPINION**

January 25, 2006
Wilmington, Delaware

ROBINSON, Chief Judge.

Pending before the court is defendant's motion for summary judgment. (D.I. 51) For the reasons discussed, the motion will be denied.

## I. BACKGROUND

Plaintiff was born with cerebral palsy and paralysis on his right side. Plaintiff's right arm, hand, and leg are partially deformed, and he has problems manipulating objects, gripping, reaching overhead, walking, or carrying objects for long periods of time. As a result of his impairments, plaintiff also speaks and reads slowly.

Plaintiff has been employed with defendant for over 27 years in a variety of positions, but he has spent the majority of his career as a Maintenance Custodian in the Site Engineering and Maintenance Department. Plaintiff has also spent time as a Detail Foreman, a substitute for the Shift Foreman and a position which carries administrative and managerial responsibilities. During his tenure with defendant, plaintiff has received positive performance evaluations and has taken classes to further his job training.

In July 2001, after internal restructuring, defendant created the position of Second Shift Site Services Coordinator ("SSSSC") and posted the opening. Plaintiff and two other candidates, Valerie Kuhlman, an AstraZeneca employee, and Richard Billingsley, were interviewed for the job. A three-person hiring

panel, consisting of Jim Bell, David Smith, and Melanie Walick, selected Ms. Kuhlman for the position.

On September 9, 2002, after filing charges of discrimination with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC"), plaintiff filed his complaint (D.I. 1), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. Specifically, plaintiff asserts that defendant's failure to promote him to the SSSSC position was an act of discrimination under the ADA. In support of this assertion, plaintiff alleges that the Senior Director of Site Engineering, Rick Keane, and the Director of Human Resources, Joseph Hampel, who both, according to plaintiff, stated that training plaintiff would be a waste of time, participated in and tainted the hiring process. Plaintiff further alleges that new ways of comparing the candidates were used in the process and that the hiring panel's assessments were not used, ensuring that plaintiff would be passed over for the position.

Plaintiff also alleges that defendant violated the ADA by failing to accommodate his disabilities. According to plaintiff, he requested, inter alia, extra time, tutoring, and oral administration for promotion exams, computer training, voice-activated software, and different spread sheets.

Defendants filed a motion for summary judgment (D.I. 51) in

2

July 2003. On December 3, 2003, the court granted defendant's motion for summary judgment, concluding that plaintiff could not establish that he suffers from a disability within the meaning of the ADA. (D.I. 87) Plaintiff appealed and the Third Circuit reversed, concluding that whether plaintiff was disabled was a question of fact to be decided by the jury. At a hearing conducted November 10, 2005, the court granted defendant leave to file a further motion for summary judgment, based on alternate grounds that it had a legitimate business reason for refusing to hire plaintiff and that it had made reasonable accommodations for plaintiff. Those bases for summary judgment are presently before the court.

## II. PARTIES' CONTENTIONS

By its motion, defendant contends that it should be granted summary judgment on plaintiff's failure to promote claim because it had a legitimate business reason for choosing Ms. Kuhlman over plaintiff for the position of SSSSC. Defendant further contends that it should be granted summary judgment on plaintiff's claim for failure to accommodate because it never failed to provide plaintiff with reasonable accommodations. Alternatively, defendant contends that most of plaintiff's claims for failure to accommodate are time-barred.

In response, plaintiff contends that summary judgment is inappropriate because there are several genuine issues of

3

material fact pertaining both to the failure to promote and failure to accommodate claims. Plaintiff further contends that he has provided sufficient evidence of pretext for defendant's conduct to overcome summary judgment. Finally, plaintiff contends that his claim for failure to accommodate is not time-barred, because each incident was part of a continuing violation.

## III. LEGAL STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there are triable issues of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the nonmoving party. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the

4

nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). However, the mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

## IV. DISCUSSION

### A. Whether Defendant Is Entitled To Summary Judgment On Plaintiff's Failure To Promote Claim

To establish a claim under the ADA, a plaintiff must first establish that he or she "(1) has a 'disability' (2) is a 'qualified individual' and (3) has suffered an adverse employment decision because of that disability." Deane v. Pocono Med. Ctr., 142 F.3d 138, 142 (3d Cir. 1998). If a plaintiff meets this initial burden, the court must then determine whether the plaintiff has put forth direct or circumstantial evidence of discrimination. If the plaintiff has put forth direct evidence of discrimination, the court uses a "mixed motive" theory, meaning that "a plaintiff need only show that the unlawful motive was a 'substantial motivating factor' in the adverse employment action." Shellenberger v. Summit Bancorp, 318 F.3d 183, 187 (3d Cir. 2003) (citations omitted). If, however, the plaintiff has

5

put forth circumstantial evidence of discrimination, the court uses a pretext theory, which incorporates the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).[1] Lawrence v. Nat'l Westminster Bank, 98 F.3d 61, 68 (3d Cir. 1996) (stating that, in ADA cases, courts are to apply the Title VII burden-shifting rules).

Under the burden-shifting analysis, once the plaintiff has established a prima facie case of discrimination, the burden of production switches to the defendant, and it must "articulate some legitimate, nondiscriminatory reason for the employee's rejection." Green, 411 U.S. at 802. If the defendant produces sufficient reasons for its actions, the burden switches back to the plaintiff to demonstrate that the defendant's reasons are merely a pretext for discrimination. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). To defeat a motion for summary judgment using this framework, plaintiff must point to some evidence from which the "factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an

---

[1] In his briefing, plaintiff argues that, under Desert Palace v. Costa, 539 U.S. 90 (2003), a Title VII case, he is entitled to a "motivating factor" instruction under the ADA, even if the evidence presented is circumstantial. (D.I. 111 at 17-22). The court acknowledges that law pertaining to Title VII is applied in ADA claims. However, as plaintiff recognizes, the Third Circuit has declined to rule on the question of whether Desert Palace applies to ADA claims. Because plaintiff's claim survives summary judgment under the pretext framework, the court does not need to decide whether Desert Palace applies to claims brought under the ADA.

6

invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's actions." Id. at 764.

Reviewing the evidence and construing the facts in the light most favorable to plaintiff, the court concludes that a jury could reasonably find for plaintiff on his failure to promote claim. First, plaintiff has established a prima facie case sufficient to survive a motion for summary judgment. On appeal, the Third Circuit concluded that plaintiff had "established, at the very least, a genuine issue of fact as to" whether or not he has a disability. Emory v. AstraZeneca Pharms. LP, 401 F.3d 174, 175 (3d Cir. 2005). Additionally, the parties do not appear to dispute the other elements of a prima facie case under the ADA, i.e., whether plaintiff is a qualified individual and whether he has suffered an adverse employment action.

Second, while it does not appear that plaintiff has asserted direct evidence of discrimination, plaintiff has put forth some circumstantial evidence to support his claim of discrimination. Thus, the court will consider plaintiff's claim under the pretext theory of Green. Defendant contends that it did not hire plaintiff because Ms. Kuhlman was more qualified for the job. The court concludes that this explanation is sufficient to meet the light burden required of defendant by Green.

Finally, the court concludes that plaintiff has proffered

7

some evidence from which the factfinder could reasonably disbelieve defendant's articulated reasons. Plaintiff has put forth evidence that the hiring panel may not have been independent and may have been influenced by Mr. Keane, someone who, according to plaintiff, stated that training for plaintiff was not necessary and was a waste of time since he would not be in a supervisory position for long. Plaintiff contends that Mr. Keane and Mr. Bell, a member of the hiring panel who allegedly referred to plaintiff as "Rainman," created a chart in which they compared certain characteristics of Ms. Kuhlman and plaintiff. According to plaintiff, Mr. Keane did not have any basis for awarding Ms. Kuhlman certain values and could not account for how he assigned values to the categories making up the chart. Additionally, there is some dispute over whether this scoring system was created just for this job search or whether it had always been used to select persons to fill supervisory positions.

Additionally, plaintiff has put forth evidence that, after the interviews were conducted, Mr. Hampel, who, according to plaintiff, also stated that it would be a waste of time to train plaintiff, constructed a matrix in which he compared the three candidates. According to plaintiff, however, none of the listed criteria was discussed in the interview, and Ms. Walick has testified that the matrix does not correspond to the ratings that she gave, nor does she recall giving any feedback on the

selection process. Accordingly, on this record, defendant's motion for summary judgment as to plaintiff's failure to promote claim will be denied.

### B. Whether Defendant Is Entitled To Summary Judgment On Plaintiff's Failure To Accommodate Claim

The ADA requires an employer to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee." 42 U.S.C. § 12112(b)(5)(A). To establish a prima facie case for failure to accommodate, a plaintiff must prove that: (1) he has a disability under the ADA; (2) he can perform the essential functions of the position with an accommodation; (3) the employer had notice of the alleged disability; and (4) the employer did not accommodate him. Conneen v. MBNA Am. Bank, 182 F. Supp. 2d 370, 376-77 (D. Del. 2002).

Under the ADA and EEOC regulations, both parties are to engage in an interactive process, meaning that "both parties have a duty to assist in the search for appropriate reasonable accommodation and to act in good faith." Mengine v. Runyon, 114 F.3d 415, 420 (3d Cir. 1997). The employer's duty to engage in the interactive process is triggered when the employer knows of the disability and of the employee's desire for accommodation. Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 313 (3d Cir. 1999).

9

In order to demonstrate that an employer failed to take part in the interactive process, a plaintiff must show that "1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith." Taylor, 184 F.3d at 319-20.

Reviewing the current record and construing the facts in the light most favorable to plaintiff, the court concludes that a jury could reasonably find for plaintiff on his claim of failure to accommodate. As noted above, the question of whether plaintiff is disabled is a question to be decided by the jury. Additionally, Ms. Gourdin, plaintiff's instructor at Sylvan Learning Center, recommended accommodations that would enable plaintiff to operate in a supervisory position, demonstrating that plaintiff could perform the essential functions of the position if given the appropriate accommodations. Finally, a jury could find that defendant had notice that plaintiff was disabled and that it failed to accommodate him or that it failed to participate in an interactive process to find appropriate accommodations. As to the interactive process, a jury could reasonably find that defendant lacked good faith in finding accommodations, particularly if, as plaintiff alleges, Mr. Keane

and Mr. Hampel thought, without interaction, that such accommodations would be a waste of time.

Defendant contends, in a footnote, that any requests made prior to 1992, the year in which the ADA rules pertaining to employment went into effect, are time-barred. (D.I. 52 at 29, n.5) Defendant also contends that any alleged failures to accommodate prior to November 7, 2000, are time-barred by the 300-day statute of limitations on filing charges with the EEOC.

A charge filed with the EEOC "shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5. While the 300-day requirement appears to be strict, courts have recognized that, in some cases, there may be several acts which constitute a continuing violation. West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995). In order to claim a continuing violation, a plaintiff must show that (1) at least one act occurred within the statute of limitations and (2) the discriminatory conduct occurs in a persistent pattern. Id. at 754-55 (quoting United Airlines, Inc. v. Evans, 431 U.S. 553, 558 (1977); Jewett v. Int'l Tel. and Tel. Corp., 653 F.2d 89, 91 (3d Cir. 1981)). In determining whether there is a persistent pattern, courts consider the subject matter, frequency, and permanence. Rush v. Scott Specialty Gases, 113 F.3d 476, 481-82 (3d Cir. 1997) (quoting Berry v. Bd. of

11

Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir. 1983)). Once a plaintiff has demonstrated a continuing violation, the 300-day limit becomes irrelevant. Rush, 113 F.3d at 481.

The court concludes that, at the very least, Ms. Gourdin's letter sent in June 2001 falls within the statutory time period for filing charges with the EEOC. Since plaintiff filed charges with the EEOC on September 7, 2001, any failure to accommodate occurring after November 7, 2000 falls within the statutory period.

According to plaintiff, on several occasions after November 7, 2000, he requested computer training and voice-activated software. Additionally, each of his requests was made in an attempt to succeed at obtaining a better position within the company. Construing the facts in the light most favorable to plaintiff, the court concludes that a jury could reasonably find that some, if not all, of defendant's refusals constitute a continuing violation. Accordingly, the court will deny defendant's motion for summary judgment as it pertains to plaintiff's claim for failure to accommodate.

## V. CONCLUSION

For the reasons discussed, defendant's motion for summary judgment (D.I. 51) will be denied.

An appropriate order will be entered.